1 | **LINCOLN, GUSTAFSON & CERCOS LLP**
2 | Loren S. Young
Nevada Bar No. 7567
3 | 7670 W. Lake Mead Blvd., Suite 200
Las Vegas, Nevada  89128
Telephone: 702.257.1997
4 |
5 | **SHOOK HARDY & BACON LLP**
Jessica L. Grant
6 | (*pro hac vice* pending)
555 Mission Street Suite 2300
7 | San Francisco, California  94105
Telephone: 415.544.1900
8 | **MORRISON & FOERSTER LLP**
J. Alexander Lawrence
9 | (*pro hac vice* pending)
Tamara Wiesebron
10 | (*pro hac vice* pending)
250 West 55th Street
11 | New York, New York  10019-9601
Telephone: 212.468.8000
12 |
Attorneys for Defendant, SNAP INC.
13 |

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| DIANE ESPOSITO HOWARD, as Special Administrator of the Estate of AVIANNA CAVANAUGH, Deceased; and THERESA DIANE KEYES, Individually and Heir of the Estate of AVIANNA CAVANAUGH, | CASE NO. |
|---|---|
| | [Removed from Clark County, Nevada District Court, Case No. A-24-889099-C] |
| Plaintiffs, | **SNAP INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)** |
| v. | **(DIVERSITY)** |
| SNAP, INC.; DOES 1 through 20 and ROE CORPORATIONS 1 through 20, inclusive, | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Snap Inc. ("Snap"), hereby submits this Notice of Removal of the state court civil action filed by Plaintiff Diane Esposito Howard titled *Howard v. Snap, Inc., et al.*, Case No. A-24-889099-C, from Clark County, Nevada

District Court to the United States District Court for the District of Nevada.  In support of removal,

Snap states as follows:

## I.      THE REMOVED CASE

1.      On or about March 13, 2024, Plaintiffs Diane Esposito Howard and Theresa Diane

Keyes ("Plaintiffs") filed a Complaint against Snap in Clark County, Nevada District Court as Case

No. A-24-889099-C ("the Complaint").

2.      In addition to bringing suit against Snap, Plaintiffs have also sued multiple unnamed

and unidentified John and Jane Does and Corporate Companies.  Pursuant to 28 U.S.C. §

1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" for

removal purposes.  *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

3.      Snap was served with a copy of the Complaint on or about July 11, 2024.

4.      The Complaint seeks redress for the death of Plaintiff Theresa Diane Keyes'

daughter, Avianna Cavanaugh.

5.      Snap has not pleaded, answered, or otherwise appeared in the state court action.

6.      To Snap's knowledge, no orders have been issued and no hearings or other

proceedings have taken place in this action.

7.      Snap now timely and properly removes this case pursuant to 28 U.S.C. §§ 1332,

1441, and 1446 based on diversity of citizenship.

8.      Pursuant to 28 U.S.C. § 1332, this is a civil action of which this Court has original

jurisdiction. Moreover, this is an action that may be removed to this Court by Snap pursuant to 28

U.S.C. §§1441(b) and 1446(b)(3)[1].

## II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

9.      Removal to the United States District Court for the District of Nevada is proper

because it encompasses the District Court of Clark County, Nevada, where this action was pending

before removal. *See* 28 U.S.C. §§ 124(d)(1); 1441(a); 1446(a).

---

[1] Snap voluntarily appears in this action for purposes of removal but reserves all objections, arguments, and defenses
to Plaintiffs' Complaint.  Thus, this Notice of Removal is filed subject to and with reservation of rights by Snap,
including, but not limited to, defenses and objections to venue, improper service of process, personal jurisdiction, and
any other defenses Snap might pursue.

10.     Pursuant to 28 U.S.C. § 1446(b), this original Notice of Removal was timely filed within 30 days of July 11, 2024 which is the earliest date of service of the Complaint on Snap in this case. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

11.     Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that Plaintiffs served on Snap as of the date of the Notice of Removal are attached collectively as Exhibit A. The Case Docket is attached to this Notice as Exhibit B.

12.     Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction, and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) ("A statement 'short and plain' need not contain evidentiary submissions.").

13.     By removing the action to this Court, Snap does not waive any defects in the process or service of process in this matter, nor any defenses that are available to it under state or federal law.

14.     By removing the action to this Court, Snap does not admit any allegations in the Plaintiffs' Complaint.

15.     Snap reserves the right to amend or supplement this Notice of Removal as needed.

**III.    THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION**

16.     The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this case is a civil action between citizens of different states with an amount in controversy that exceeds $75,000, exclusive of interests and costs.

**A.    Diversity of Citizenship Exists**

17.     There is complete diversity between the parties in this case:

A.    Plaintiff Diane Esposito Howard is a resident of Clark County, Nevada and is therefore a citizen of Nevada for diversity purposes. (Complaint ¶ 26.)

B.    Plaintiff Theresa Diane Keyes is a resident of Clark County, Nevada and is therefore a citizen of Nevada for diversity purposes. (Complaint ¶¶ 105-07; *see also* Amended Petition for Appointment of Special Administrator and for Issuance of Special Letter of Administration, *In the Matter of the Estate*

3

1                  *of Avianna Heaven Cavanaugh*, Case No. p-24-119715-E, attached as

2                  Exhibit C.)

3        C.    Snap is a Delaware corporation with its principal place of business in Santa

4                  Monica, CA.  Therefore, Snap is a citizen of Delaware and California, but

5                  not Nevada, for purposes of diversity jurisdiction. *See* 28 U.S.C. §

6                  1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

7      18.    There are no other named plaintiffs or defendants.

8      19.    DOES 1 through 20 and ROE CORPORATIONS 1 through 20 are wholly fictitious

9  parties against whom no relief is, or could be, sought in this action.  Pursuant to 28 U.S.C. §

10  1441(b)(1), this Court should disregard the citizenship of any defendant sued under the fictitious

11  names.  Accordingly, it is not necessary for other parties to join in this Notice of Removal.

12      20.    Accordingly, complete diversity exists between Plaintiffs and Snap.

13      **B.    The Amount in Controversy Requirement is Satisfied**

14      21.    Plaintiffs seek monetary relief in the form of multiple separate categories of

15  damages amounting to more than $75,000.  (Complaint ¶¶ 130-135 (identifying five distinct

16  requests for monetary relief greater than $15,000).)  Thus, without conceding any merit to the

17  Complaint's allegations or causes of action, the amount in controversy exceeds $75,000.

18      22.    Accordingly, this Court has subject matter jurisdiction over this matter pursuant to

19  28 U.S.C. § 1332.

20      **IV.    REMOVAL IS TIMELY**

21      This Notice of Removal is filed less than one (1) year after commencement of the action

22  and in that regard is timely pursuant to 28 U.S.C. § 1446(c).

23      The notice of removal of a civil action or proceeding shall be filed within 30 days after the

24  receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

25  the claim for relief upon which such action or proceeding is based, or within 30 days after the

26  service of summons upon the defendant if such initial pleading has then been filed in court and is

27  not required to be served on the defendant, whichever period is shorter. (28 U.S.C § 1446(b)(1).)

28  ///

1    Here, this Notice of Removal has been within thirty (30) days after service of Plaintiffs'

2    Complaint.  Therefore, this Notice of Removal is also timely pursuant to 28 U.S.C. § 1446(b).

3    **V.      FILING AND SERVICE**

4    23.    Counsel for Snap certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice

5    of Removal will be filed with the Clerk of the District Court of Clark County, Nevada, as an exhibit

6    to a Notice of Filing of Notice of Removal, and served upon the Plaintiffs.

7    **VI.     CONCLUSION**

8    24.    For the reasons stated above, this action is within the original jurisdiction of this

9    Court pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable pursuant to 28 U.S.C.

10    § 1441(a).

11    Therefore, Snap prays that this case be removed from the District Court of Clark County,

12    State of Nevada, to this Court for the exercise of jurisdiction over this action as though this case

13    had been originally instituted in this Court and that no further proceedings be had in the District

14    Court of Clark County, State of Nevada.

15    Dated:  July 12, 2024.

16    **LINCOLN, GUSTAFSON & CERCOS LLP**

17    */S/ LOREN S. YOUNG*

18    **LOREN S. YOUNG, ESQ.**
     Nevada Bar No. 7567
19    7670 W. Lake Mead Blvd., Suite 200
     Las Vegas, Nevada  89128
20    Attorneys for Defendant, SNAP INC.

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1