UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIANE ESPOSITO HOWARD, et al., | Case No.: 2:24-cv-01262-APG-EJY |
| Plaintiffs | **Order Granting Motion to Transfer Venue** |
| v. | [ECF No. 18] |
| SNAP, INC., | |
| Defendant | |

Avianna "Avi" Cavanaugh purchased what she thought was Xanax or Oxycodone from someone she connected with through Snapchat. What she received was fentanyl, and Avi died as a result of taking that drug. Avi's grandmother and mother filed this lawsuit against Snap, Inc., the designer and operator of Snapchat, asserting nine causes of action related to Avi's death.

Snap contends that this court lacks personal jurisdiction over it and that, even if jurisdiction exists, a forum selection clause in the relevant contract vests the exclusive venue for this lawsuit in the Central District of California. Thus, Snap moves to transfer venue to that district. ECF No. 18. Because the forum selection clause is valid and enforceable, I grant Snap's motion to transfer venue.

**A. The forum selection clause is valid under federal law.**

When Snapchat users like Avi download and register to use Snapchat, they must confirm that they have read and agreed to Snap's Terms of Service before they can use Snapchat. ECF No. 18-2 at 4-5. The Terms of Service contain a clause entitled "Exclusive Venue" that states that "all claims and disputes (whether contract, tort, or otherwise) . . . arising out of or relating to the Terms or the use of the Services [including Snapchat] will be litigated exclusively in the

1 | United States District Court for the Central District of California." ECF No. 18-4 at 14.  By
2 | downloading and using Snapchat, Avi agreed to the Terms of Service and the forum selection
3 | clause.

4 |       "Forum selection clauses are considered *prima facie* valid." *Fouad on behalf of Digital
5 | Soula Sys. v. State of Qatar*, 846 F. App'x 466, 469 (9th Cir. 2021).  They should be "given
6 | controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist.*
7 | *Court for W. Dist. Of Tex.*, 571 U.S. 49, 59-60 (2013) (citation omitted).

8 |       "The validity of a forum-selection clause is governed by federal law." *Lewis v. Liberty*
9 | *Mut. Ins. Co.*, 953 F.3d 1160, 1164 (9th Cir. 2020).  "The party challenging the clause bears a
10 | heavy burden of proof and must clearly show that enforcement would be unreasonable and
11 | unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *Murphy v.*
12 | *Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (simplified).  The Supreme Court of
13 | the United States has

14-17 |       recognized three reasons that would make enforcement of a forum selection clause unreasonable: (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; and (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought."

18 | *Id.* (citation omitted).

19 |       None of these reasons exists here.  There are no allegations that the forum selection
20 | clause was induced by fraud, overreaching, or bad faith.  Rather, the clause is contained in
21 | Snap's standard Terms of Service that is presented to all Snapchat users.  The plaintiffs will have
22 | a full and fair opportunity to litigate their claims in the California court.  And Nevada public
23 |

policy favors enforcement of forum selection clauses. This is not one of the "unusual" or "exceptional cases" justifying rejection of the forum selection clause. *Atl.*, 571 U.S. at 63-644.

**B. The forum selection clause is valid under Nevada law.**

Nevertheless, the plaintiffs argue that the forum selection clause is unenforceable under Nevada law because it is unconscionable. Even if Nevada law applies, the clause is valid.

"Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable." *Burch v. Second Jud. Dist. Ct. of State ex rel. Cnty. of Washoe*, 49 P.3d 647, 650 (Nev. 2002). Even if, as the plaintiffs contend, the Snap Terms of Service is a contract of adhesion, it is still enforceable under Nevada law "if (1) there is 'plain and clear notification of the terms,' (2) there is an 'understanding consent,' and (3) the clause 'falls within the reasonable expectations of the weaker party.'" *Dees v. Billy*, 357 F. App'x 813, 815 (9th Cir. 2009) (quoting *Burch*, 49 P.3d at 649).

Here, Snap's Terms of Service are hyperlinked in blue surrounded by a gray font, the link is placed next to the "Sign Up & Accept" button, and users must affirmatively click on it to accept the Terms. That is sufficiently clear notification. Avi was an adult when she set up her latest account and consented to the Terms of Service. While the plaintiffs argue she had been preconditioned to accept the Terms of Service based on her many years of Shapchat use before turning 18, they offer no evidence or case authority to support this novel theory. Finally, the Terms of Service are akin to those of other social media sites and, given Avi's many years of using such sites, she would reasonably expect to be bound by them. *See Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 839 (S.D.N.Y. 2012) (holding that while the "mechanics of the internet surely remain unfamiliar, even obtuse to many people . . . it is not too much to expect that [a

prolific] internet user" would understand Facebook's hyperlinked Terms of Use, and "[w]hether or not the consumer bothers to look is irrelevant"). The Terms of Service and forum selection clause are not procedurally unconscionable.

Nor are they substantively unconscionable.

> Parties opposing a forum selection clause must now show that the forum is unavailable or unable to accomplish substantial justice in order to demonstrate substantive unconscionability. . . . Inconvenience and additional expense are not sufficient, unless proceeding in the selected forum will be so gravely difficult and inconvenient that [the plaintiffs] will for all practical purposes be deprived of their day in court.

*Capili v. Finish Line, Inc.*, 699 F. App'x 620, 622 (9th Cir. 2017) (simplified). *See also Henderson v. Watson*, Case No. 64545, 2015 WL 2092073 at *2 (Nev. Apr. 29, 2015) ("The substantive element of unconscionability focuses on the actual terms of the contract and assesses whether those terms are overly harsh or one-sided."). Litigating this case in the Central District of California (only 270 miles away from this courthouse) will not be gravely difficult. The plaintiffs offer no evidence or specific facts showing they will be denied their day in court. And the forum selection clause is not one-sided as it binds both parties to litigate in the Central District of California. ECF No. 18-4 at 14. *See Heinz v. Amazon.com, Inc.*, No. 2:23-CV-00282 WBS AC, 2023 WL 4466904, at *3 (E.D. Cal. July 11, 2023) (rejecting the argument that a forum selection clause lacked mutuality because "the clause expressly provides that both plaintiff and defendant are bound by it").

The forum selection clause is neither procedurally nor substantively unconscionable. So even under Nevada law, I must enforce it.

/ / / /

/ / / /

**C. Transfer is appropriate under 28 U.S.C. § 1404(a).**

A forum selection clause "may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)." *Atl. Marine*, 571 U.S. at 59. In considering a motion to transfer, a court usually evaluates "both the convenience of the parties and various public-interest considerations." *Id.* at 62. But a valid forum selection clause changes that analysis in three ways: (1) "the plaintiff's choice of forum merits no weight," and instead the plaintiff has the burden of showing that transfer is unwarranted; (2) the court "should not consider arguments about the parties' private interests" but "may consider arguments about public-interest factors only"; and (3) the transfer of venue motion "will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 63-64.

As discussed above, the plaintiffs have failed to show that transfer is unwarranted or would make litigating this case gravely difficult. The Ninth Circuit directs me to consider "five public interest factors: (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Bos. Telecomm. Grp., Inc. v. Wood*, 588 F.3d 1201, 1211 (9th Cir. 2009) (citations omitted). California is the venue chosen by the parties and it has an interest in overseeing litigation involving Snap, whose principal place of business is in California. The Central District of California is no doubt more familiar with California law (as called for in the Terms of Service) than I am. It does not appear the docket of the Central District of California is any more congested than mine. Nor does that court appear to have difficulty finding and seating juries. Finally, the cost of litigating in California may be less expensive than litigating in Nevada, given that most of the defendants' witnesses and documents are located there. Thus, the public-interest factors favor transfer of this case,

This is not one of the "most exceptional cases" that justifies rejecting the valid forum selection clause. *Atl. Marine*, 571 U.S. at 60.  I grant Snap's motion to transfer venue.  I therefore need not address Snap's argument that this court lacks personal jurisdiction over it.

I THEREFORE ORDER that SNAP's motion to transfer venue **(ECF No. 18) is granted**. The clerk is ordered to transfer this case to the United States District Court for the Central District of California and to close this file.

DATED this 19th day of November, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE